# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COPY PROTECTION LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| v. | : | |
| | : | |
| NETFLIX, INC, | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Copy Protection LLC with a principal place of business at Six Landmark Square, 4th Floor, Stamford, CT 06901 ("Copy Protection"), alleges the following for its complaint against defendant Netflix, Inc. ("Netflix"), a company with offices at 100 Winchester Circle, Los Gatos, CA 95032, and incorporated in the state of Delaware:

## NATURE OF THE SUIT

1. This is a civil action for infringement of United States Patent No. 7,079,649. This action arises under the laws of the United States related to patents, including 35 U.S.C. § 281.

## PARTIES

2. Copy Protection is a limited liability company organized and existing under the laws of Florida, with an address of 500 West Cypress Creek Road, Suite 770, Fort Lauderdale, FL 33309, having its principal place of business at Six Landmark Square, 4th Floor, Stamford, CT 06901.

3. Upon information and belief, defendant Netflix is incorporated in the State of Delaware, with a principal place of business at 100 Winchester Circle, Los Gatos, CA 95032.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6. Upon information and belief, Netflix is subject to this Court's specific and general personal jurisdiction due at least to its incorporation in this state, regularly doing or soliciting business in this judicial district and committing at least a portion of the infringements alleged herein in this judicial district.

## BACKGROUND

7. British Telecommunications Public Limited Company ("BT") is a multinational telecommunications services company that has its main offices in London, England, but operates in around 170 countries around the world.

8. BT's origins date back to 1846 when the Electric Telegraph Company was founded and developed a nationwide communications Network.

9. Throughout its years of existence, BT has invested countless expenditure, both hourly and monetarily, in research for the communication industry and developed

many novel technologies that served to change the face of communication, including the way communications networks operate.

10. BT's novel technologies are protected in thousands of patents around the world, including over 1,500 issued U.S. Patents that are assigned to BT.

11. One of BT's patents, United States Patent No. 7,079,649 ("the '649 Patent"), entitled "Copy Protection of Data," was duly and lawfully issued on July 18, 2006, from a PCT application filed on March 18, 1998 by BT. A copy of the '649 Patent is attached as Exhibit A.

12. The current owner of the '649 Patent, by assignment, is Copy Protection, who has the right to sue and recover damages for infringement thereof.

13. On December 16, 2013, Copy Protection mailed a letter and the '649 Patent to David Hyman, Esq. General Counsel for Netflix, provided knowledge of the '649 Patent, explained the applicability of the '649 Patent to Netflix's services and offered to hold amicable business discussions and work to negotiate a license on reasonable terms.

14. Netflix did not respond to Copy Protection's letter.

15. Accordingly, on or about December 16, 2013, Netflix had actual knowledge of the '649 Patent and that its activities infringe the '649 Patent.

## CLAIM FOR RELIEF
### Patent Infringement Of United States Patent No. 7,079,649

16. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

17. Netflix is the world's leading Internet television network with over 44 million members in 41 countries.

18. Netflix's "Watch Instantly" streaming service provides its customers with the ability to watch TV shows and movies delivered via the Internet.

19. The streaming services offered by Netflix have become an ecosystem for Internet-connected devices, whereby an increasing amount of licensed content enables customers to enjoy TV shows and movies directly on TV's, computers and mobile devices.

20. The streaming services offered by Netflix allow its customers the freedom of on-demand and the fun of indulgent viewing.

21. For one low monthly price, the streaming services offered by Netflix allow its customers to enjoy more than one billion hours of content (TV shows and movies), including original series. Its customers can watch as much as they want, anytime, anywhere, on nearly any Internet-connected screen.

22. Netflix has three operating segments: Domestic streaming, International streaming and Domestic DVD. The Domestic and International streaming segments derive revenues from monthly membership fees for services consisting solely of streaming content.

23. Netflix is engaged in the marketing and/or the sale of its "Watch Instantly" streaming services in the United States generally and in the District of Delaware.

24. Through operation of a streaming service, there is a possibility for a customer to illegally copy the streamed content for either their own use and enjoyment, or profit from redistributing the content.

25. In order for Netflix to deter or prevent such theft of its streamed content, Netflix must utilize a method to ensure that the content it streams to its customers' devices cannot be copied or saved.

26. A two-pronged approach to prevent such theft of streamed content is to transmit the streamed content (data) in a secure manner to prevent a third-party from intercepting the data, and then once the data arrives at the receiving party's device the receiving party must not have the ability to copy or save the data.

27. Netflix utilizes a two-pronged approach to prevent theft of its streamed original content and licensed content to its customers.

28. Specifically, Netflix uses a method that prevents its content from being stolen and its customers from copying or saving its streamed content (data) by transmitting encrypted streaming video to its customers' device, and after the data arrives at the device, Netflix utilizes software to suppress, restrict and/or prevent its customers' ability to copy or save the data.

29. Upon information and belief, Netflix is in violation of 35 U.S.C. § 271(a) and has been and continues to directly infringe at least claims 1, 6-8, 10 and 18 of the '649 Patent literally or under the doctrine of equivalents by providing, offering and operating its "Watch Instantly" streaming services, which includes the method that

5

prevents its content from being stolen and its customers' ability to copying or saving its content.

30. Upon information and belief, Netflix is in violation of 35 U.S.C. § 271(b) and has been and continues to induce end users and/or network providers to infringe at least claims 1, 6-8, 10 and 18 of the '649 Patent by providing, offering and operating its "Watch Instantly" streaming services, which includes the method that prevents its content from being stolen and its customers' ability to copying or saving its content.

31. Copy Protection has been damaged by the infringement of Netflix and is suffering and will continue to suffer irreparable harm and damage as a result of this infringement unless such infringement is enjoined by this Court.

32. Netflix had actual knowledge of the '649 Patent since on or about December 16, 2013 and its acts of infringement since at least the time of actual knowledge are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

33. Copy Protection has no adequate remedy at law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Copy Protection hereby demands a jury trial on all issues so triable raised in this action.

## REQUESTED RELIEF

WHEREFORE, Copy Protection demands judgment as follows:

A. An order adjudging Netflix to have infringed the '649 Patent;

B. A permanent injunction enjoining Netflix with its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '649 Patent;

C. An award of damages adequate to compensate Copy Protection for the infringement by Netflix along with pre-judgment and post-judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provision of 35 U.S.C. § 284;

D. An award of Copy Protection's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

E. An award of Copy Protection's costs; and

F. Such other and further relief as this Court may deem just and proper.

Dated: March 20, 2014                                        Respectfully submitted,

                                                             FARNAN LLP

                                                             */s/ Michael J. Farnan*
                                                             Brian E. Farnan (Bar No. 4089)
                                                             Michael J. Farnan (Bar No. 5165)
                                                             919 N. Market Street, 12th Floor
                                                             Wilmington, DE 19801
                                                             (302) 777-0300
                                                             Fax: (302) 777-0301
                                                             bfarnan@farnanlaw.com
                                                             mfarnan@farnanlaw.com

                                                             *Attorneys for Plaintiff Copy Protection LLC*

*Of Counsel:*

Stephen F. Roth
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,

KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000
Fax: (908) 654-7866
sroth@ldlkm.com
aeckenthal@ldlkm.com