IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COPY PROTECTION LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NETFLIX, INC., )<br>)<br>Defendant. )<br>) | C.A. No. 14-365 (LPS)<br><br>**JURY TRIAL DEMANDED** |

### NETFLIX, INC.'S ANSWER AND DEFENSES

Defendant Netflix, Inc. ("Netflix") answers Plaintiff Copy Protection LLC's ("Copy Protection" or "Plaintiff") Complaint and sets forth its defenses as follows. Except as expressly admitted below, Netflix denies each and every allegation in Copy Protection's Complaint.

### NATURE OF THE SUIT

1. Netflix admits that Copy Protection is alleging patent infringement under the laws of the United States, including 35 U.S.C. § 281. Netflix denies the remaining allegations of Paragraph 1.

### PARTIES

2. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies them.

3. Netflix admits that it is incorporated in the State of Delaware and has its principal place of business at 100 Winchester Circle, Los Gatos, CA 95032.

### JURISDICTION AND VENUE

4. Netflix admits that this Court has subject matter jurisdiction for purposes of this litigation under 28 U.S.C. §§ 1331 and 1338(a).

5. Paragraph 5 of the Complaint states a legal conclusion with respect to venue to

which no response is required.  Netflix denies that this is a convenient forum for this litigation.  Netflix denies the remaining allegations of Paragraph 5.

6. Although the allegations in Paragraph 6 of the Complaint state legal conclusions with respect to personal jurisdiction to which no response is required, Netflix admits that this Court has personal jurisdiction over it in this matter.  Netflix denies that it has infringed any valid claims of the patent-in-suit, and therefore denies that it has committed "infringements" in this judicial district.  Netflix denies the remaining allegations of Paragraph 6.

## BACKGROUND

7. Netflix is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. Netflix is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Netflix is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. Netflix is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. Netflix admits that a copy of United States Patent No. 7,079,649 (the "'649 Patent"), titled "Copy Protection of Data," was attached to the Complaint as Exhibit A.  Netflix lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11, and on this basis denies them.

12. Netflix is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies them.

13. Netflix admits that counsel for Copy Protection sent a letter addressed to David

Hyman, Esq., General Counsel for Netflix, and dated December 16, 2013.  The content of the letter speaks for itself, and the remainder of the allegations in Paragraph 13 represent characterization of such content, to which no response is required.

14. Netflix admits that it did not send a response to the letter referred to in Paragraph 13, above.

15. The letter referenced in this paragraph speaks for itself and Netflix denies the remaining allegations of Paragraph 15, including allegations that Netflix infringes any valid claim of the '649 patent and that Netflix has or had knowledge of any infringement.

## CLAIM FOR RELIEF

### Patent Infringement Of United States Patent No. 7,079,649

16. Netflix incorporates by reference its responses to Paragraphs 1-15 of the Complaint.

17. Netflix admits that it has at least 44 million subscribing customers and that its services are available in at least 41 countries.  The remainder of Paragraph 17 contains characterizations, not factual allegations, to which no response is required.

18. Netflix admits the allegations of Paragraph 18.

19. Paragraph 19 consists of characterization of Netflix's business and services, and does not consist of factual assertions requiring a response.

20. Paragraph 20 consists of characterization of Netflix's business and services, and does not consist of factual assertions requiring a response.

21. Netflix admits that it offers access to movies, TV shows, original series and other content for a low monthly price.  The remainder of Paragraph 21 consists of characterizations of those services to which no response is required.

22. Netflix admits that it offers streaming content both domestically and internationally and that it derives revenue from monthly memberships. The remainder of Paragraph 22 consists of characterizations of those services to which no response is required.

23. Netflix admits that it markets and offers monthly memberships to its services in the United States, including the District of Delaware.

24. Paragraph 24 consists of speculation regarding the conduct of third-parties and does not contain factual allegations regarding any conduct of Netflix and, therefore, no response is required.

25. Netflix admits that it implements features to prevent theft of streamed content. Netflix denies the remaining allegations of Paragraph 25.

26. Paragraph 26 does not contain factual allegations regarding Netflix and, therefore, no response is required.

27. Netflix admits that it employs various methods to prevent theft of content. Netflix denies the remaining allegations of Paragraph 27, if any.

28. Netflix admits that it implements features to prevent theft of its streamed content, including encryption and methods designed to prevent unauthorized copying. The remainder of Paragraph 28 consists of characterizations, legal conclusions, and argument to which no response is required.

29. Netflix denies the allegations of Paragraph 29.

30. Netflix denies the allegations of Paragraph 30.

31. Netflix denies the allegations of Paragraph 31.

32. Netflix denies the allegations of Paragraph 32.

33. Netflix denies the allegations of Paragraph 33.

**RESPONSE TO COPY PROTECTION'S REQUESTED RELIEF**

Netflix denies that Plaintiff is entitled to any relief in this action, as requested or otherwise.

**NETFLIX'S DEFENSES**

Netflix reserves the right to assert any additional defenses to Plaintiff's claims as they become known or apparent through the course of discovery.  Subject to that limitation, Netflix asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Copy Protection:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to literal infringement, infringement under the doctrine of equivalents, and induced infringement.  Plaintiff's Complaint consists primarily of conclusory allegations and argument, and does not contain sufficient factual allegations to state a plausible claim that Netflix infringes any claim of the '649 Patent.  Plaintiff's Complaint does not identify any particular feature or function of any Netflix product or service that infringes any asserted claim of the '649 Patent or provide any factual allegations demonstrating how any of the asserted claims are infringed.  Plaintiff's Complaint does not identify, let alone contain any factual allegations related to, the elements required to state a claim under the doctrine of equivalents, including any identification of any accused feature or function of any Netflix product that does not literally infringe but that allegedly infringes under the doctrine of equivalents or provide any other factual support for its assertion of such a claim.  Plaintiff's Complaint further fails to state any claim for induced infringement, as it does not identify any infringing third-party, does not identify any acts of direct infringement by any third-party, and does not identify any act of Netflix designed to induce infringement.  Nor does it allege any inducing acts that occurred during any period in

which Netflix allegedly had knowledge of the '649 Patent.

## SECOND DEFENSE

Netflix has not and does not infringe any valid and enforceable claim of the '649 patent.

## THIRD DEFENSE

One or more claims of the '649 patent are invalid for failing to satisfy one or more of the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

## FIFTH DEFENSE

Plaintiff's claim for damages for alleged infringement is limited by 35 U.S.C. §§ 286 and 287. Plaintiff is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## SIXTH DEFENSE

Plaintiff's claims for relief are barred by laches, waiver, estoppel, and other equitable doctrines.

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief, because any injury that Plaintiff may have suffered is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

## EIGHTH DEFENSE

Plaintiff cannot prove that this is an exceptional case under 35 U.S.C. § 285, and therefore Plaintiff is not entitled to recover attorneys' fees.

## NINTH DEFENSE

Plaintiff cannot prove that it is entitled to enhanced damages under to 35 U.S.C. § 284.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Clay C. James
Aaron Oakley
HOGAN LOVELLS US LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, Colorado 80202
Tel:  (303) 899 7300


Dated:  May 14, 2014
1152337/ 41572

By:  /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Erich W. Struble (#5394)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
estruble@potteranderson.com

*Attorneys for Defendant Netflix, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 14, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on May 14, 2014, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Brian E. Farnan | Stephen F. Roth |
| Michael J. Farnan | Aaron S. Eckenthal |
| Farnan LLP | Lerner, David, Littenberg, Krumholz & |
| 919 N. Market Street, 12th Floor | Mentlik, LLP |
| Wilmington, DE 19801 | 600 South Avenue West |
| bfarnan@farnanlaw.com | Westfield, NJ 07090 |
| mfarnan@farnanlaw.com | sroth@ldlkm.com |
| | aeckenthal@ldlkm.com |

By:  /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Erich W. Struble
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
estruble@potteranderson.com

1152349/ 41572