**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COPY PROTECTION LLC,  :  <br> : C.A. No. 14-cv-365-LPS <br> Plaintiff, : <br> v. : <br> : <br> NETFLIX, INC., : **DEMAND FOR JURY TRIAL** <br> : <br> Defendant. : <br> x | |

**REPLY IN SUPPORT OF COPY PROTECTION**
**LLC'S LEAVE TO FILE SUR-REPLY BRIEF IN**
**OPPOSITION TO NETFLIX INC.'S MOTION TO STAY**

Contrary to the assertions made by Netflix, Copy Protection's sur-reply will aid the Court in deciding Netflix's Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-In-Suit. First, Copy Protection's sur-reply brief will serve to clarify the briefing record with a more complete understanding of the facts surrounding Exhibits C-G submitted with Netflix's reply brief. Second, Copy Protection's sur-reply brief will provide Copy Protection with an opportunity to respond to these newly provided exhibits and alleged facts characterized by Netflix because they were first presented in Netflix's reply brief. This is exactly the reason a sur-reply brief is proper in this instance. *St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*, No. 12-69, 2013 U.S. Dist. LEXIS 45369, at *3 (D. Del. Mar. 29 2013) ("Local Rule 7.1.2 provides that parties may submit additional papers after briefing is complete only with the Court's approval. A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments"). Finally, Netflix is not prejudiced by Copy Protection's sur-reply because it already had the opportunity to comment on the newly presented exhibits in its reply brief.

Netflix cites to certain exhibits for the first time in its Reply in Support of its Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-In-Suit (*e.g.*, a letter, Copy

Protection's Rule 26 Disclosures, and two e-mail strings. (*See* D.I. 52-2, Exhs. C-G).) These exhibits serve as Netflix's attempt to respond to Copy Protection's allegations that Netflix delayed filing its IPR request, by arguing that such delay was caused by Copy Protection's "lack of candor" with the relationship between it and the inventors. However, there was never any such "lack of candor."

Contrary to the assertions by Netflix, counsel for Copy Protection has always represented the inventors in this case for their depositions (and advised counsel for Netflix (D.I. 61-1)), which is why Copy Protection's Rule 26 Disclosures state that Netflix should contact the inventors through counsel for Copy Protection. Indeed, when Netflix asked to depose the inventors, Copy Protection coordinated and provided possible dates for their depositions. And despite the inventors being located in the United Kingdom, after discussion with Netflix, Copy Protection even agreed to arrange for the inventors to come to the United States for their depositions. All this was done without the need for Netflix to utilize the Hague Convention, which it otherwise would be required to do.

No matter how many times Copy Protection has advised Netflix of its relationship with the inventors, it appears that Netflix keeps trying to interpret Copy Protection's Rule 26 Disclosures incorrectly. Despite being told in writing and on numerous occasions during meet and confers that counsel for Copy Protection represents the inventors for their depositions, and that Copy Protection has not engaged the inventors as consultants, Netflix refuses to acknowledge that to be the case. Instead, Netflix is trying to pawn off its own misguided reading of Copy Protection's Rule 26 Disclosures, which led to its delay in filing its IPR request, as Copy Protection's "lack of candor" on its relationship with the inventors.

In addition, the only prejudice Netflix claims to suffer by being *deterred* from contacting the inventors is that Netflix could not lock them up as consultants to testify against the inventors' own prior or existing employer, British Telecom. Such would only entice both inventors to breach contractual obligations.

It is therefore respectfully requested that Copy Protection's Motion for Leave to File Sur-Reply Brief be granted.

Dated: June 8, 2015

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jonathan A. David(admitted *pro hac vice*)
Stephen F. Roth(admitted *pro hac vice*)
Aaron s. Eckenthal(admitted *pro hac vice*)
Maegan A. Fuller(admitted *pro hac vice*)
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000
Fax: (908) 654-7866
jdavid@ldlkm.com
sroth@ldlkm.com
aeckenthal@ldlkm.com
mfuller@ldlkm.com

*Attorneys for Plaintiff Copy Protection LLC*