IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COPY PROTECTION LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 14-365-LPS |
| NETFLIX, INC., | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **June, 2015**:

Having reviewed the parties' filings related to Defendant Netflix, Inc.'s motion to stay litigation (D.I. 46) pending *inter partes* review ("IPR") ("Motion") of U.S. Patent No. 7,079,649 (the "'649 patent") by the Patent Trial and Appeal Board ("PTAB") and the corresponding filings (D.I. 47, 51, 52),

**IT IS HEREBY ORDERED** that, for the reasons stated below, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

1. Defendant seeks a stay of proceedings pending IPR of the '649 patent by the PTAB. (D.I. 46) The PTAB has not instituted the IPR petition. (*See* D.I. 51 at 1) Given the filing date, the PTAB is statutorily required to decide whether to institute the IPR petition by October 3, 2015. (*See* D.I. 51 at 8)

2. The Court typically considers three factors when deciding whether to stay litigation pending IPR: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and

trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

3. As to the first factor, the Court finds that Defendant's delay in petitioning for IPR could create at least some tactical disadvantage for Plaintiff Copy Protection LLC ("Plaintiff") and a stay may unduly prejudice Plaintiff. While Plaintiff's status as a non-practicing entity reduces the prejudice it would suffer from a stay (*see* D.I. 47 at 9-10), there remains a potential for undue prejudice. (*See* D.I. 51 at 3) "[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *2 (D. Del. July 2, 2013).

4. The second factor, whether a stay will simplify the issues, disfavors a stay at this time. As noted, the IPR petition has not been instituted. Generally, "the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." *Freeny v. Apple Inc.*, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014). Defendant may renew its Motion if and when its petition is instituted, and the simplification factor may be evaluated differently at that time.

5. Finally, considering the status of discovery and whether a trial date has been set, the Court observes that a trial date has been set for October 11, 2016 (around the same time as the IPR petition may be finally decided) and the parties have engaged in a substantial amount of discovery and are set to complete claim construction briefing shortly. (*See* D.I. 51 at 2-3) At this time, the Court finds that this third factor weighs against granting a stay.

6. Weighing the pertinent factors, the Court concludes that they do not favor granting the requested stay. Accordingly, Defendant's motion to stay litigation (D.I. 46) is

**DENIED WITHOUT PREJUDICE.**

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE