**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COPY PROTECTION LLC, : | |
| : | C.A. No. 14-cv-365-LPS |
| Plaintiff, : | |
| v. : | |
| : | |
| NETFLIX, INC., : | **DEMAND FOR JURY TRIAL** |
| : | |
| Defendant. : | |
| x | |

**PLAINTIFF COPY PROTECTION LLC'S COMMENT
ON DEFENDANT NETFLIX, INC.'S TECHNOLOGY TUTORIAL**

Pursuant to the Court's Scheduling Order (D.I. 13), Plaintiff Copy Protection LLC ("Copy Protection") files this comment in response to the technology tutorial submitted by Defendant Netflix, Inc. ("Netflix"). In the guise of a tutorial, Netflix presents numerous arguments as to its claim construction, noninfringement, and invalidity positions. This is precisely what the tutorial should <u>not</u> be used for as stated in the Scheduling Order: "The tutorial should focus on the technology in issue and should not be used for argument." (*Id.* at 10.) In presenting its arguments, Netflix also mischaracterizes the invention described in the patent-in-suit and the products at issue in this case. Netflix's tutorial should therefore be disregarded as being argumentative and for violating the Scheduling Order.

**I.    NETFLIX USES THE TUTORIAL TO ARGUE THERE IS ONLY ONE
       EMBODIMENT OF THE INVENTION, WHICH LIMITS THE CLAIM SCOPE**

Netflix uses the tutorial to argue that there in only one embodiment in the '649 Patent (which is not the case) and then seeks to limit the claim scope to that embodiment. However, it is well-settled law that when the specification discloses a preferred embodiment (even if only one embodiment is described), the claims are not limited to the scope of that embodiment.

Netflix's tutorial repeatedly argues that the '649 Patent is limited to only one embodiment; namely, browsers using Java applets. Below are just some examples of Netflix's arguments:

- Ch. 1: Overview of the '649 Patent [1:10] – "Browsers are the only embodiment described in the specification." But the '649 Patent is not so limited.[1]

- Ch. 1: Overview of the '649 Patent [2:05] – Netflix describes the Problem Solved by the invention as being limited to Web browsers. However, that is not what is stated in the citation presented on the screen and the invention applies to "a client" as is recited in the specification and claimed.

- Ch. 2: Only One Embodiment: Browsers Using Java Applets [0:36] – Contrary to Netflix's assertion, Java is not the only program that can be used and is only one such example.

- Ch. 3: Illustrative Claim [0:54] -- Netflix argues that the applicant made clear during prosecution that the program portion recited in the claims are Java applets. This is not true. The quote Netflix points to actually states a Java applet is an example of a program portion: "But in the present invention, it is the program portion (e.g., a Java applet) . . . ."

Netflix also argues that the invention described in the '649 Patent is only about the use of preexisting technology (*e.g.*, Java applets) for copy protection. Ch. 1: Overview of the '649 Patent [2:55]; Ch. 2: Only One Embodiment: Browsers Using Java Applets [2:26] and [4:09], Ch. 5: Additional Claims [1:44]. This is not true, as Netflix is arguing that all the other limitations required by the claims do not matter.

Netflix also misrepresents that Java was the only embodiment disclosed in the patent. Ch. 2: Only One Embodiment: Browsers Using Java Applets [0:04], Ch. 2: Only One Embodiment: Browsers Using Java Applets [2:26], [4:09], Ch. 3: Illustrative Claim [0:54]. By contrast, the '649 Patent expressly states:

---

[1] The five Chapters in Netflix's tutorial can be found by clicking on the "chapter list" on the bottom left of the screen.

> Whilst the described example of the invention uses the Java programming language, it will be understood that other hypermedia languages may be used, for example Active X and OLE.

('649 Patent 11:14-17.) Thus, not only is the '649 Patent not limited in the manner Netflix argues, but the patentee expressly listed other embodiments.

## II. NETFLIX USES THE TUTORIAL TO ARGUE ITS POSITION AS TO WHAT PRODUCTS ARE AT ISSUE IN THIS CASE

The parties have a long running dispute regarding the Accused Products in the case, which is in need of judicial intervention. (*See* D.I. 65.) As such, Netflix's tutorial is improperly used to argue what Accused Products are at issue in this case under Netflix's view, which Copy Protection disputes. Namely, in Ch. 1: Overview of the '649 Patent [3:10], Netflix omits additional products accused by Copy Protection, including products running other versions of Apple iOS (not just Apple iOS 6) and other gaming consoles, such as the Nintendo Wii. Thus, Netflix's seemingly banal list of products is actually being used for improper argument.

## III. NETFLIX'S CH. 3: "ILLUSTRATIVE CLAIM" ARGUES CLAIM CONSTRUCTION POSITIONS

In Chapter 3, Netflix argues its claim construction position *vis-à-vis* its assertion that "independent claim 1 is illustrative." Netflix presents each step and sub-step required by claim 1, but in doing so, reads in limitations that do not appear in the claim. For example, in Ch. 3: Illustrative Claim [0:31], when reciting the claim language "the program portion," Netflix argumentatively reads in "the same program portion."

Netflix also inappropriately advances a prosecution estoppel argument. At Ch. 3: Illustrative Claim [0:54], Netflix states that "during the original prosecution, the Applicants made clear to the Patent Office that the program portion recited in the claims are Java applets." However, this contradicts the quote from the prosecution history in which the Applicant used Java applet as exemplary; "it is the program portion (e.g., a Java applet) . . . " (Emphasis added.)

3

Netflix also incorrectly argues in this chapter that Java applets are the *only* disclosed embodiment in the '649 Patent, which, as already demonstrated above, is not the case.

IV. **NETFLIX'S CH. 4: "CLAIM BACKGROUND" ARGUES THE PROSECUTION HISTORY IN AN EFFORT TO SUPPORT NETFLIX'S CLAIM CONSTRUCTION ARGUMENTS**

Netflix selectively chooses sections from the prosecution history to argue its claim construction positions. Some examples are as follows:

- Ch. 4: Claim Background [0:04] – Netflix inaccurately summarizes the reasons for allowance, which are stated in the Notice of Allowability, which speaks for itself. For instance:

    o [0:20] – Netflix's voiceover states that arguments for allowance include "that a disabled copy and save functions only after data had been downloaded and decrypted by the program portion." However, the actual quote states "…that once the protected data has been reduced to an unprotected form, there is an extra process of selectively controlling access to copy or save functions, or suppressing client computer copy or save functions or restricting or preventing client copy or save functions."

    o [0:33] – Netflix's voiceover also argues that "The Applicants also emphasized that unlike certain prior art cited by the examiner, the '649 patent required that the material limitations in the independent claims: downloading, decrypting, restricting copy and save functions, must be performed by a single consolidated program." This is incorrect as Applicants argued a single "program portion" as noted in the citation included in the tutorial in this section. And this quote is pulled from an Appeal Brief, not the Notice of Allowance.

- Ch. 4: Claim Background [1:59] – Netflix argues that "It was also important to patentability that the protective measures happen at the client after the program portion begins to run and are performed under the client's control not by virtue of any server side function." This is not what is highlighted on the screen, which states "the present invention enables access to copy or save functions to be selectively controlled after running of the program portion has begun." Netflix has added language and twisted the verbiage used during the prosecution without any support.

- Ch. 4: Claim Background [2:27] and [3:06] – Ordering of Steps: This is strictly a claim construction issue and Netflix presents additional arguments (outside of its claim construction brief) as to why certain aspects of the claims must be performed in a certain order. Not only is Netflix wrong, as explained in Copy Protections claim construction briefs, but this argument is improper to include in a technology tutorial.

4

- Ch. 4: Claim Background [3:48] – Netflix highlights "program" to make its argument, but the term being discussed is "program portion." This demonstrates Netflix's improper claim construction and incorrect use of these terms interchangeably.

## V. NETFLIX'S CH. 5: "ADDITIONAL CLAIMS" IS IMPROPERLY USED TO ARGUE CLAIM SCOPE OF THE OTHER CLAIMS

This entire section is used to argue specific variations among the claims. Some examples are:

- Ch. 5: Additional Claims [0:18] – Restricting or preventing is not the same as selectively controlling as was briefed in Copy Protection's claim construction brief.

- Ch. 5: Additional Claims [0:46] – Selectively control is not the same as suppress as was briefed in Copy Protection's claim construction brief.

- Ch. 5: Additional Claims [0:58] and [1:21] – "Program" is not the same as "Program Portion" as was briefed in Copy Protection's claim construction brief.

- Ch. 5: Additional Claims [2:10] – The conclusion incorrectly states the patent covers one specific method for protecting against copying data with a single embodiment built around a single ordering of elements. This is clearly argument. Furthermore, while certain elements contained within the '649 Patent might have been known in the prior art, their combination as claimed was not, which makes the inventions disclosed in the '649 Patent patentable.

## VI. CONCLUSION

For the forgoing reasons, and because Netflix's technology tutorial is essentially an argument as to claim construction, the Court should disregard Netflix's tutorial.

Dated: June 19, 2015                        Respectfully submitted,

                                            FARNAN LLP

                                            /s/ Michael J. Farnan
                                            Brian E. Farnan (Bar No. 4089)
                                            Michael J. Farnan (Bar No. 5165)
                                            919 N. Market St., 12th Floor
                                            Wilmington, DE 19801
                                            (302) 777-0300
                                            (302) 777-0301(Fax)
                                            bfarnan@farnanlaw.com
                                            mfarnan@farnanlaw.com

Jonathan A. David (admitted *pro hac vice*)
Stephen F. Roth (admitted *pro hac vice*)
Aaron S. Eckenthal (admitted *pro hac vice*)
Maegan A. Fuller (admitted *pro hac vice*)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000
(908) 654-7866 (Fax)
JDavid@ldlkm.com
SRoth@ldlkm.com
AEckenthal@ldlkm.com
MFuller@ldlkm.com
Litigation@ldlkm.com

*Counsel for Plaintiff Copy Protection LLC*